IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HENRY MACK, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-851-B (BH) |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order*, filed March 18, 2009, this matter was referred to the United States Magistrate Judge for hearing, if necessary, and for recommendation or determination to the District Court.  Before the Court are Plaintiff's *Request for Injunction Order*, filed February 12, 2009 (docket #43), and Plaintiff's *Petition for Attorney Fees*, filed February 25, 2009 (docket #44).  Having reviewed the filings and applicable law, the Court recommends that the motions be **DENIED**.

## I.  BACKGROUND

Plaintiff Joe Henry Mack ("Plaintiff") is a *pro se* claimant who originally sought judicial review under 42 U.S.C. § 405(g) of an adverse decision of the Commissioner of Social Security Administration ("Commissioner") on a claim for Supplemental Security Income ("SSI") benefits.  On February 29, 2008, the Court remanded Plaintiff's claim to the Commissioner for reconsideration.  (*See* dockets ##34, 40, 41).  The order remanding Plaintiff's claim for SSI benefits required the ALJ to reassess Plaintiff's severe impairments at step 2 of the sequential disability determination process.  (Docket #34, at 23).  If the ALJ found certain maladies to be severe, he was

- 1 -

to proceed through the remaining three steps.  *Id.*  The Appeals Council remanded Plaintiff's claim

for SSI benefits to the Dallas hearing office on April 2, 2008, and it is currently pending before an

Administrative Law Judge ("ALJ").  (Docket #42).

On July 1, 2008, Plaintiff was incarcerated.  *Id.*  He currently is being held in the Ben Reid

facility of the Texas Department of Criminal Justice in Houston.  The Commissioner contends it

would be difficult for the ALJ to schedule further administrative hearings that Plaintiff would be

able to attend.  *Id.*

On February 12, 2009, Plaintiff filed a motion for a writ of mandamus.  (Docket #43).

Approximately two weeks later, on February 25, he also filed a petition for attorney's fees as the

prevailing party in the District Court's order concerning SSI benefits.  (Docket #44).

## II.  ANALYSIS

### A.    Writ of Mandamus

Plaintiff seeks a writ of mandamus to compel the ALJ to comply with this Court's previous

order remanding his claim for SSI benefits.  (Docket #43, at 8).

A federal district court has original jurisdiction in the nature of mandamus "to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff."  28 U.S.C. § 1361.  Mandamus is a drastic remedy to be invoked only in extraordinary

situations.  In order to obtain this relief, a plaintiff must establish: (1) a clear right to the relief

sought; (2) a clear duty by the respondent to do the act requested; and (3) the lack of any other

adequate remedy.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Davis v. Fechtel*, 150 F.3d 486, 487

(5th Cir. 1998).  The failure to prove any one of these elements deprives the court of jurisdiction to

grant mandamus relief.  *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

The Commissioner does not dispute that Plaintiff is entitled to "additional administrative process." (*See* Resp. at 5).   Although he does not expressly concede both the first and second elements, however, he focuses only on Plaintiff's inability to demonstrate the third element, whether Plaintiff lacks any adequate remedy other than mandamus.   *Id.*

The Social Security Act provides for judicial review of a final decision by the Commissioner after a hearing at which the claimant was a party.   42 U.S.C. § 405(g).   The procedure set forth in § 405(g) is the exclusive method for review.   42 U.S.C. § 405(h).   Several courts, including the Supreme Court, have held that a petition for mandamus cannot be used to bypass the appeal process set forth in 42 U.S.C. § 405(g).   *See e.g.*, *Heckler*, 466 U.S. at 616; *Slone v. Sec'y of Health and Human Servs.*, 825 F.2d 1081, 1083 (6th Cir. 1987); *Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir. 1986).   Nothing in the statute or these cases suggests that a court cannot review an ALJ's decision a second time after it issues a decision in light of a remand order on the same underlying claim.   *See* 42 U.S.C. § 405(g).

The Fifth Circuit has addressed this issue in two unpublished decisions.   In *Hampton v. Department of Health and Human Services*, 59 F.3d 1242 (table, text in 1995 WL 413135) (5th Cir. 1995) (unpublished), a *pro se* prisoner sought a writ of mandamus from the district court to compel the Commissioner to enter a final decision on his claim for benefits.   The Fifth Circuit affirmed the district court's denial of the petition for a writ of mandamus because the magistrate properly determined that (1) the eleven month administrative delay (seven, at the time of the magistrate's recommendation) did not entitle Hampton to mandamus relief, and (2) expedited administrative appeal under 20 C.F.R. §§ 404.923 and 404.924 provided Hampton with an alternate form of relief for his constitutional challenge to the suspension of his benefits.   *Hampton*, 1995 WL 413135, at *1.

In *Cross v. Chater*, 109 F.3d 766 (table, text in 1997 WL 114983) (5th Cir. 1997) (unpublished), the Fifth Circuit addressed whether it could grant mandamus relief to a petitioner who claimed that the Commissioner violated the district court's remand order.  The Fifth Circuit affirmed the district court's decision not to grant mandamus relief because the claimant had an adequate remedy under 42 U.S.C. § 405(g) to challenge the ALJ's decision should his claim be denied.  *Cross*, 1997 WL 114983, at *1.

Based on these cases, the Court finds that 42 U.S.C. § 405(g) provides an adequate remedy for Plaintiff to challenge the ALJ's decision should his claim be denied after the ALJ reconsiders it in light of the district court's remand order.  *Heckler*, 466 U.S. at 616 (petition for mandamus cannot be used to bypass the appeal process set forth in § 405(g)); *Cross*, 1997 WL 114983, at *1 (section 405(g) provides adequate remedy to review administrative decision after reconsideration under district court's remand order).  Even though approximately one year has passed since the Appeals Council remanded Plaintiff's claim for SSI benefits to the Dallas hearing office, this length of time in scheduling an administrative hearing does not constitute such an egregious and unreasonable delay to entitle Plaintiff to mandamus relief.  *Hampton*, 1995 WL 413135, at *1. Although Plaintiff's incarceration makes it difficult for the ALJ to schedule further administrative hearings that Plaintiff would be able to attend, personal attendance is not required.  Plaintiff can waive his right to a hearing and the ALJ can adjudicate the claim on the record alone.  Plaintiff may also seek to appear at the hearing via video teleconferencing, subject to availability at his place of incarceration.  *See* 20 C.F.R. § 404.929.  Since Plaintiff has other adequate remedies available, the Court lacks jurisdiction to grant mandamus relief, and his petition should be **DENIED**.  *Heckler*, 466 U.S. at 616; *Jones*, 609 F.2d at 781.

- 4 -

**B.**   **Attorney's Fees**

Plaintiff also filed a motion for $10,000 in attorney's fees under the Equal Access to Justice Act ("EAJA").  (Docket #44).

The EAJA provides for reasonable fees and expenses of attorneys for prevailing parties in civil actions brought by or against the United States.  28 U.S.C. § 2412(b).  It does not provide for fees to a *pro se* plaintiff.  *See* 28 U.S.C. § 2412.  Additionally, the Fifth Circuit has expressly held that *pro se* litigants are not entitled to attorney's fees under the EAJA.  *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993).  Lastly, even if Plaintiff had an attorney who was entitled to attorney's fees under the EAJA, the request was not filed within thirty days of the District Court's entry of judgment and is therefore untimely.  28 U.S.C. § 2412(d)(1)(B).

Accordingly, Plaintiff's *Petition for Attorney Fees* should be **DENIED**.

### III.  CONCLUSION

Plaintiff's *Request for Injunction Order* (docket #43) and his *Petition for Attorney Fees* (docket #44) should be **DENIED**.

**SO RECOMMENDED** on this 25th day of March, 2009.

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE